**THE TRIAL LAW FIRM, LLC**
428 Forbes Avenue, Suite 1700
Pittsburgh Pennsylvania, 15219

Mart Harris, Esquire
Pa. Id. No. 319504
412.588.0030 | MH@TLawF.com

Nelson Berardinelli, Esquire
Pa. Id. No. 310581
412.588.0930 | NB@TLawF.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## PITTSBURGH DIVISION

| | |
|---|---|
| **RASHIKA PORTER,** | Case No.   2:20-cv-1588 |
| Plaintiff, | **COMPLAINT IN CIVIL ACTION** |
| vs. | **Fed.R.Civ.P. 38(b)(1) Notice of Demand for Trial by Jury** |
| **ALLEGHENY COUNTY;** and **JAY LAFEVER;** in his individual capacity; and **DOES 1-10** in their individual capacities, | |
| Defendants. | |

## <u>COMPLAINT</u>

NOW COMES, the Plaintiff, Rashika Porter, by and through his attorneys, The Trial Law

Firm, LLC and submits the within Complaint.

**Parties and Jurisdiction**

1.      The Plaintiff is Rashika Porter ("Mr. Porter"). Mr. Porter is an adult individual

who resides in Allegheny County Pennsylvania. Mr. Porter currently suffers from high blood

pressure and other to be diagnosed cardiac and gastrointestinal diseases.

2.      The First Defendant is Allegheny County, Pennsylvania ("Allegheny").

Allegheny is a political subdivision of Pennsylvania based in Pittsburgh, which is in this Court's

geographical territory.

3.      The Second Defendant is Jay LaFever ("Ms. LaFever"). Mr. LaFever is an

Allegheny employee who works in the jail as a corrections officer.

4.      The third through twelfth Defendants are Does. Does are Allegheny employees

who work as medical staff at the Allegheny County Jail.

5.      Mr. Porter brings this lawsuit to redress violations of 42 U.S.C. § 12132, and 29

U.S.C. § 794(a), as well as his right to nourishment and pretrial detainee due process under the

Fourteenth Amendment by way of 42 U.S.C. § 1983. Thereby, this Court has federal question

jurisdiction pursuant to 28 U.S.C. § 1331.

6.      The events and omissions which give rise to the claims asserted herein occurred

in the geographical territory of this Court, in or around Pittsburgh Pennsylvania. Therefore,

pursuant to 28 U.S.C. § 1391(b), this District Court is the proper venue for this case.

7.      All Defendants reside and/or work in Allegheny County Pennsylvania, where

their acts and/or omissions as described in this Complaint were committed.

8.      Mr. Porter has satisfied all necessary conditions precedent to the filing of this

lawsuit.

## COUNT I

**42 U.S.C. § 12132- Title II Failure to Accommodate;**
**29 U.S.C. § 794(a)- Exclusion from Program or Activity; and**
**42 U.S.C. § 1983- Fifth and Fourteenth Amendment Failure to Provide Nourishment**

**Mr. Porter v. Allegheny and Doe(s)**

9.      All other paragraphs are incorporated.

10.     A prison is a public accommodation under the law.

11.     The feeding of inmates is a program or activity of a prison.

12.     The Defendants have a constitutional duty to provide Mr. Porter with nourishment and medical care.

13.     Mr. Porter's digestive system is unable to process certain foods which contain "gluten." Each time Mr. Porter ingests foods with "gluten," he experiences severe pain and numerous other negative effects on his body.

14.     Mr. Porter has a medical record of "gluten" intolerance. *Exhibit 1- July 27, 2020 Test Result.*

15.     Defendants regard Mr. Porter to be disabled, as they consider him to need a "special needs diet." *Exhibit 2- September 15, 2020 Findings Form.*

16.     Despite Defendants' knowledge of Mr. Porter's demonstrated need for a gluten free diet (what Allegheny refers to as a "special needs diet"), Defendants have failed to provide Mr. Porter with the same.

17.     The reason given, on multiple occasions for the Defendants' failure is som form of "medical has to order the gluten-free tray" for Mr. Porter. *Exhibit 3- August 13, 2020 Findings Form.*

18.     On or about August 4-20, 2020, after complaints by Mr. Porter to the kitchen, the kitchen investigated the issue with medical.

19.     Upon information and belief, on or about August 20, 2020 medical told the kitchen that they would order Mr. Porter the gluten-free tray. *Exhibit 4- August 20, 2020 Findings Form.*

20.     As of October 20, 2020, Mr. Porter has still not been getting his gluten-free meals.

21.     The Defendants have failed to accommodate Mr. Porter by refusing to provide meals to Mr. Porter which do not interfere with his disability.

22.     Defendants have denied Mr. Porter participation in a program or activity by refusing to provide meals to Mr. Porter which do not interfere with his disability.

23.     The Defendants have breached their constitutional duty to provide Mr. Porter with nourishment by refusing to provide meals to Mr. Porter which do not interfere with his disability. The pain caused by such constitutes unconstitutional punishment.

24.     As a direct and proximate cause of Defendants' acts and omissions, Mr. Porter has been[1] and is being injured, and is entitled to damages.

## COUNT II

**42 U.S.C. § 1983- Fifth and Fourteenth Amendment Failure to Provide Medical Treatment and Retaliatory Arbitrary and Capricious Punishment**

**Mr. Porter v. Allegheny, Doe(s), and Mr. LaFever**

25.     All other paragraphs are incorporated.

26.     The Defendants have a constitutional duty to provide Mr. Porter with medical care.

27.     Mr. Porter's circulatory system is unable to properly self-regulate in numerous respects, including but not limited to his pulse and blood pressure.

28.     On or about March 2, 2020, Mr. Porter was prescribed 25mg Metoprolol Succinate ER Oral.

---

[1] Mr. Porter has multiple additional claims regarding the conditions of his detention which will be addressed in an amended complaint, however, the instant subject matter which subjects Mr. Porter to, *inter alia*, ongoing severe pain with every meal and a substantial risk of severe bodily harm and/or death, requires immediate attention.

29.     On or about June 19, 2020, Mr. Porter was prescribed 25mg Metoprolol Succinate ER Oral.

30.     On or about June 29, 2020, Mr. Porter was prescribed 50mg Metoprolol Succinate ER Oral.

31.     On or about July 8, 2020, Mr. Porter was prescribed 100mg Metoprolol Succinate ER Oral, to be taken every morning, until October 5, 2020.

32.     Metoprolol is a "beta-blocker" which slows a patient's heart rate.

33.     According to the United States Food and Drug Administration, dosage and administration instructions for hypertension, doses of Metoprolol should be "adjust[ed] [] at weekly (or longer) intervals until optimum blood pressure reduction is achieved." *Exhibit 5* (https://www.accessdata.fda.gov/drugsatfda_docs/label/2018/210428s000lbl.pdf) *pages 2-3, FDA Dosage and Administration for Hypertension.*

34.      According to the United States Food and Drug Administration, dosage and administration instructions for angina pectoris, doses of Metoprolol should be gradually increased "at weekly intervals until optimum clinical response has been obtained or there is a pronounced slowing of the heart rate." *Exhibit 5 pages 2-3, FDA Dosage and Administration for Angina Pectoris.*

35.     According to the United States Food and Drug Administration, overdose warnings for Metoprolol, "[Metoprolol] overdose may result in significant resistance to resuscitation with adrenergic agents, including beta-agonists." *Exhibit 5 page 9, FDA Overdosage Warning.*

36.     On or about October 2, 2020, Allegheny employee, Dr. Winters informed Mr. Porter that he was at his "max" dosage for Metoprolol because of his slow heart rate.

37.     On or about October 17, 2020, Mr. Porter was handed 200mg of Metoprolol to take.

38.     Mr. Porter question who doubled his dose considering that Dr. Winters informed him that he was at "the max" due to his slow heart rate.

39.     Allegheny employees Doe(s) refused to reveal who doubled Mr. Porter's prescription.

40.     Allegheny employee Mr. Lafever placed Mr. Porter on forty-eight (48) hour cell restriction because Mr. Porter wanted to know who changed his prescription and expressed concern given Dr. Winters' statement as described above.

41.     The Defendants have breached their constitutional duty to provide Mr. Porter with medical treatment when they doubled his already "max" dose of Metoprolol and then refused to inform Mr. Porter who increased the dose or why his dose was increased.

42.     Mr. Lafever subjected Mr. Porter to unconstitutional and retaliatory punishment when he placed Mr. Porter on restriction for inquiring about his medical care.

43.     As a direct and proximate cause of Defendants' acts and omissions, Mr. Porter has been and is being injured, and is entitled to damages.

WHEREFORE, Plaintiff Rashika Porter respectfully requests judgment in his favor and against that of the Defendant, Allegheny County and Does, as well as all damages and relief available under the law, including but not limited to such pursuant to Fed.R.Civ.P. 65,  as detailed in his Motion which will be filed when the instant matter receives a case number from the Clerk of Courts.

Respectfully submitted on October 21, 2020

                                         **THE TRIAL LAW FIRM, LLC**

By: _____

                                         Mart Harris, Esquire
                                         Nelson Berardinelli, Esquire
                                         *Trial Lawyers for Rashika Porter*