IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RASHIKA PORTER, | ) |
|       Plaintiff, | ) |
| vs. | ) Civil Action No. 2:20-1588 |
| LOUIS DEL PRETE, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Rashika Porter, who was previously incarcerated at the Allegheny County Jail ("ACJ"), brought this counseled civil rights action under 42 U.S.C. § 1983 relating to certain events at that facility. Plaintiff's sole remaining claim alleges that Defendant Louis Del Prete retaliated against him for filing grievances by cancelling his appointments with medical providers outside the jail. Plaintiff asserts that this conduct violated First Amendment rights.

On May 23, 2024, an opinion and order were entered that granted Del Prete's motion for summary judgment and dismissed this action. Presently pending before the Court is Plaintiff's motion for reconsideration of this order (ECF No. 96). For the reasons that follow, the motion will be denied.[1]

**I.   Relevant Procedural History**

In his Fourth Amended Complaint ("FAC") (ECF No. 59), which is the operative Complaint, Plaintiff alleged in Count I that in violation of his First Amendment rights, he was subjected to retaliation by Allegheny County and Louis Del Prete[2] after he complained about the

---

[1] The parties have fully consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] Del Prete was identified as a Corrections Officer, but in responding to the motion for summary judgment, Plaintiff admitted that Del Prete was a clinic coordinator (ECF No. 86 ¶ 2.)

lack of medical care and the failure to provide a gluten-free diet, and because he asked for the names of the ACJ officers who stole his property.

The FAC also asserted other civil rights claims, but these claims, and the corresponding defendants against whom these claims were asserted, were dismissed by the Court in an opinion and order issued in March 2023 (ECF Nos. 64, 65). As a result, the sole remaining claim is Plaintiff's First Amendment retaliation claim against Del Prete that relates solely to the cancellation of his outside medical appointments.

Following the completion of discovery, Del Prete filed a motion for summary judgment (ECF No. 80). On May 23, 2024, the Court filed an opinion and order (ECF Nos. 93, 94), which granted the motion and entered judgment (ECF No. 95) in Del Prete's favor. Plaintiff then filed a motion for reconsideration (ECF No. 96), which has been fully briefed (ECF Nos. 97, 99).

**II.   Discussion**

   A.   Standard of Review

A party seeking reconsideration must show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). *See also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration that "essentially restates, with added vigor, the arguments made previously" does not satisfy this "substantial standard." *Peerless Ins. Co. v. Pennsylvania Cyber Charter Sch.*, 19 F. Supp. 3d 635, 651 (W.D. Pa. 2014) (citations omitted).

Here, Plaintiff relies solely upon the "clear error of fact" ground for relief.

1. Clear Error of Fact

Plaintiff contends that the Court committed clear errors of fact in concluding that he had not proffered evidence from which a jury could find that Del Prete had canceled his outside medical appointments. Del Prete responds that there was insufficient evidence of record to create a jury question that he cancelled or caused Plaintiff's medical appointments to be cancelled.

As reflected in its opinion, the Court concluded that Plaintiff failed to offer any evidence that it was Del Prete who cancelled any of his appointments. While it is undisputed that in the course of his duties, Del Prete is sometimes the individual who cancels outside medical appointments, this evidence is insufficient to create a material issue of fact that he cancelled Plaintiff's appointments or did so for a retaliatory purpose. Simply put, the undisputed fact that Del Prete occasionally cancels appointments does not prove that he did so with respect to any of Plaintiff's outside medical appointments, or that it was done without a doctor's instructions.

In an effort to explain the absence of any such evidence, Plaintiff argues in a footnote that "record evidence establishes that written records exist that state the reason for Plaintiff's appointment cancellations" and that "these documents had been requested in discovery and not produced." (ECF No. 97 at 8 n.1.) This argument was previously raised in Plaintiff's brief in opposition to Del Prete's motion for summary judgment and was specifically addressed in the summary judgment opinion. As noted in that opinion, it is undisputed that Del Prete stopped working at ACJ in 2021. Plaintiff does not assert that he sought any such records from Del Prete, or that Del Prete had possession, custody or control of ACJ records. It was not until 2023 that Plaintiff directed a subpoena to Allegheny County, which, according to Plaintiff, responded to some requests and objected to others.

> As explained in the Court's summary judgment opinion:
>
>> In order for a jury to draw an adverse inference from the failure to produce evidence, "it is essential that the evidence in question be within the party's control." *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) (citation omitted). Plaintiff has not explained how or why Del Prete would have custody or control of ACJ records. Neither has he argued that Del Prete otherwise impeded or interfered with the production of documents within the control of Allegheny County. Thus, there is no basis from which an adverse inference may be drawn against Del Prete, the only defendant in this lawsuit.

(ECF No. 93 at 8.)

The Court further noted in its opinion that although Plaintiff mentioned Rule 56(d) in his response to Del Prete's summary judgment motion, he did not submit an affidavit or declaration stating that he could not present facts essential to justify his opposition to Del Prete's motion for summary judgment. Nor has he argued that he sought to compel the records that he claims to exist either before discovery closed on October 18, 2023 or thereafter. Thus, the Court concluded that "Plaintiff cannot oppose Del Prete's motion by arguing that records may exist that create a material issue of fact regarding the cancellation of Plaintiff's appointments with outside medical providers." (ECF No. 93 at 10.)

Plaintiff has not provided any reasoned basis for concluding that the Court committed clear errors of fact that would warrant reconsidering its summary judgment opinion. There is simply no evidence of record that Del Prete cancelled any of Plaintiff's outside medical appointments, let alone that he did so for retaliatory purposes and not as a result of a doctor's order. Plaintiff's suggestion that proof of his allegations might be contained in records that may exist is an insufficient reason to reconsider granting judgment in favor of Del Prete. A mere assertion at the summary judgment stage that records supporting a claim might exist does not create a genuine issue of material fact. And given Plaintiff's failure to seek or compel these records during discovery, or indeed, at any time while the motion for summary judgment was pending, he has

failed to demonstrate that reconsideration is warranted.

Plaintiff failed to elicit any facts at the summary judgment stage that support his claim that Del Prete cancelled his outside medical appointments for a retaliatory purpose. As such, Plaintiff has failed to demonstrate any clear error of fact that is material to the claims he has asserted.

Therefore, this 12th day of June, 2024, Plaintiff's motion for reconsideration (ECF No. 96) is DENIED.

                                      BY THE COURT:

                                      /s/Patricia L. Dodge
                                      PATRICIA L. DODGE
                                      United States Magistrate Judge